[Civ. No. 3890. Third Appellate District.—October 16, 1929.]

ELIZABETH NICHOLSON TILLOTSON, Appellant, v. MARCUS LAND AND INVESTMENT COMPANY (a Corporation) et al., Respondents.

V. P. Lucas for Appellant.

Smith & Breslin for Respondents.

FINCH, P. J.—This is an action to quiet title. Judgment was entered in favor of the defendants and the plaintiff has appealed.

June 6, 1905, J. G. Schaefer was the owner of a tract of land adjacent to and "southeasterly of the Ballona Road No. 2" (now Washington Boulevard) in Los Angeles County. On that day he executed a deed conveying to A. M. Squire 100.44 acres of the land "lying southwesterly of a line described as follows:

"Said line beginning at a point in the South-easterly line of said Ballona Road No. 2, which point is distant Northeasterly 560.98 feet from a large sand stone marking the East line of said Road and also the Northwest corner of the said John D. Young 184 acre allotment and the Northeast corner of the lands alloted to Andreas Machado and brothers, thence South 65° 03′ East 1870.48 feet to a point, thence South 50° 07′ East 2562.69 feet, more or less, to the Easterly boundary of the said 184 acre allotment to John D. Young, said line being a line drawn through a point 20 feet Southwest of the North-west corner of Schaefer's Barn, and a point in the center of the lane as marked at present by fence at angle point, thence following the center of said lane as marked by fences and continued in a straight line to inter-

section with said Easterly line of said John D. Young 184 acre allotment.''

The defendant Marcus Land & Investment Company has acquired title to the adjacent lands which Schaefer owned at the time of the execution of his deed to Squire. The plaintiff, as one of Squire's successors in title, has acquired a lot fronting on Washington Boulevard adjoining the company's land and having a depth of 256.41 feet, measured along the common boundary line. The controversy is over the location of the line described in Schaefer's deed to Squire.

The Schaefer barn referred to in the deed is located 262.8 feet southeasterly from the southeasterly boundary line of Washington Boulevard. Several witnesses testified that this barn was erected shortly before the execution of the deed and that the location thereof has not been changed. The court found that prior to and at all times since the execution of the deed there existed a fence marking the boundary line between the lands retained by Schaefer and those conveyed by him to Squire; that ''a line drawn through a point 20 feet southwest of the northwest corner of Schaefer's barn and a point in the center of the lane . . . at angle point,'' as described in the deed, ''followed and exactly corresponded with said fence from said southwesterly line of said Washington boulevard for a distance of about 865.70 feet''; and that such line intersects the ''southeasterly line of said Washington Boulevard at approximately right angles thereto'' at a point ''549.48 feet from a large sandstone, . . . marking the northwest corner of said John D. Young 184 acre allotment.'' There is ample evidence to support these findings.

The course of the boundary line as described in the deed is a continuous straight line for a distance of 1870.48 feet from Washington Boulevard. It is first described as beginning at a point 560.98 feet from the northwest corner of the ''Young 184 acre allotment.'' It is again described as running ''through a point 20 feet southwest of the northwest corner of Schaefer's barn and a point in the center of the lane as marked at present by fence at angle point,'' the latter point being the terminus of the straight line of 1870.48 feet. The line, according to this latter description, intersects Washington Boulevard at a point only 549.48 feet from

the northwest corner of the 184-acre tract. It thus appears that there is an inconsistency in the description. Section 2077 of the Code of Civil Procedure provides:

"The following are the rules for construing the descriptive part of a conveyance of real property, when the construction is doubtful and there are no other sufficient circumstances to determine it: . . .

"2. When permanent and visible or ascertained boundaries or monuments are inconsistent with the measurement, either of lines, angles, or surfaces, the boundaries or monuments are paramount.

"3. Between different measurements which are inconsistent with each other, that of angles is paramount to that of surfaces, and that of lines paramount to both."

■ If there were no evidence in the record other than the description in the deed and the location of the three monuments to which reference has been made, it might be necessary, under the provisions of section 2077, to locate the line as beginning at a point 560.98 feet from the sandstone monument, running thence to a point twenty feet southwest of Schaefer's barn, and thence to a point in the center of the lane at angle point, but there are other circumstances supporting the determination of the trial court as to the true boundary line. At the time the Schaefer deed was executed there was a substantial fence along such line. A fence has been maintained along that line continuously since the execution of that deed and the company and its predecessors in title, during all that time, have held exclusive possession up to the fence. In *Miller* v. *Grunsky*, 141 Cal. 441, 450 [66 Pac. 858, 75 Pac. 48, 51], referring to the provisions of section 2077, it is said:

"It is provided in subdivision 2 that when permanent and visible or ascertained boundaries or monuments are inconsistent with the measurement, either of lines, angles, or surfaces, the boundaries or monuments are paramount: but this, like every other rule embraced in the section, is subject to the qualification contained in the first clause, that they control only when there are no other sufficient circumstances to determine a doubtful construction. . . . Appellant cites a number of cases to the proposition that when a boundary line is called for it means the true boundary of the tract, and not what the parties may have supposed the

lines to be. In every one of these cases the boundary line was the only call; there was no conflicting call corresponding to what the parties supposed to be the true boundary; . . . no reference to any line marked by a fence or other visible monument.''

In the concurring opinion in the same case it is said that ''parties to a conveyance are supposed to be on the land or acquainted with the land conveyed, and to have noticed permanent objects constituting the boundary referred to in the description of the property conveyed.'' The determination of the boundary line by the trial court appears to be fully sustained by the facts proved and found.

The court further. found in favor of the company on its claim of an agreed boundary line and on its alleged defense of estoppel.. It is unnecessary to consider whether such findings are justified, because the findings already discussed are decisive of the case.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.